IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 2:17-CR-055-D(02) |
| § | |
| HECTOR TERRAZAS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Hector Terrazas ("Terrazas") has filed an April 6, 2023 motion requesting a judicial recommendation concerning placement in a Residential Re-entry Center ("RRC")/halfway house. The court denies the motion.

The court sentenced Terrazas on February 12, 2018 to 156 months' imprisonment. At the time of sentencing, at the defendant's request, the court recommended to the Bureau of Prisons ("BOP") that Terrazas be incarcerated in a facility as close to Amarillo, Texas as his classification allowed and that he be allowed to participate in a Residential Drug Abuse Program.

Terrazas now seeks another judicial recommendation. Terrazas states that he has served six years of his fifteen-year sentence. He acknowledges that this court cannot order his release to a RRC/halfway house, but he requests a recommendation for such release based on his incarceration history and his personal characteristics. Terrazas indicates that his "case manager" told him that his affiliation with the "Paisa" will cause the BOP to label him as a gang member and will result in denial of a transfer to a halfway house. Terrazas has *not* indicated that the BOP has actually denied him transfer to a halfway house based on any gang affiliations, nor has the BOP denied him such

placement for other reasons. Terrazas requests a recommendation for the maximum amount of RRC/halfway house treatment available from this court.

The court agrees with the reasoning of Judge Crone of the Eastern District of Texas, who denied a similar motion.

> Ultimately, the Federal Bureau of Prisons ("BOP") is responsible for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, the court is of the opinion that a determination of if and when a prisoner should be allowed to serve the remainder of his sentence in a halfway house is best left to the discretion, experience, and expertise of the BOP.

*United States v. Baker*, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 5, 2016) (citation omitted). Other courts have concluded that similar requests should be directed by the defendant to the BOP:

> In *United States v. Sneed*, the Fifth Circuit declined to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons." 63 F.3d 381, 389 n.6 (5th Cir. 1995). Same, too, here. Every's request is best directed to the Bureau of Prisons.

*United States v. Every*, 2018 WL 3997282, at *1 (E.D. La. Aug. 21, 2018); *see United States v. Tevino*, 2010 WL 3703663, at * 1 (S.D. Tex. Sept. 14, 2010) ("The discretion to designate an appropriate placement remains with the BOP. The Court will not make recommendations concerning placement other than those statements that might have been made at the time of sentencing."). Further, the authority to make such a recommendation was available to the sentencing court at the time the sentence was imposed. Terrazas did not request such a recommendation at that time. The court therefore declines in its discretion to make another recommendation in a matter that is best left to the BOP to decide.

The motion is therefore denied because Terrazas should direct his request to the BOP.

**SO ORDERED**.

April 10, 2023.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE